**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Dadrin Jerome Johnson, Appellant.

Appellate Case No. 2010-180607

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2012-UP-528
Submitted September 4, 2012 – Filed September 19, 2012

**AFFIRMED**

Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and Solicitor Barry J. Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Evins*, 373 S.C. 404, 415, 645 S.E.2d 904, 909 (2007) ("The Equal Protection Clause of the Fourteenth Amendment to the Constitution prohibits the striking of a venire person on the basis of race or gender."); *id.* (holding that once a party objects to a jury strike under *Batson v. Kentucky*, 476 U.S. 79 (1986), the proponent of the strike must offer a facially race-neutral explanation); *id.* ("Once the proponent states a reason that is race-neutral, the burden is on the party challenging the strike to show the explanation is mere pretext, either by showing similarly situated members of another race were seated on the jury or that the reason given for the strike is so fundamentally implausible as to constitute mere pretext despite a lack of disparate treatment."); *id.* at 416, 645 S.E.2d at 909-10 (noting that the appellate court must give the trial court's findings concerning purposeful discrimination great deference and not set them aside unless clearly erroneous); *State v. Wilder*, 306 S.C. 535, 538, 413 S.E.2d 323, 325 (1991) ("It is within the discretion of the trial [court] to determine purposeful discrimination based on the totality of relevant facts, including the credibility of the solicitor." (internal quotation marks omitted)).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.